IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD SMITH, | CRIMINAL ACTION NOS. |
| Movant, | 1:08-cr-190-WSD-AJB-8 |
| | 1:09-cr-341-WSD-AJB-1 |
| v. | |
| | CIVIL ACTION NOS. |
| UNITED STATES OF AMERICA, | 1:12-cv-868-WSD-AJB |
| Respondent. | 1:12-cv-869-WSD-AJB |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") on Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion").[1]

**I.   BACKGROUND**[2]

In May 2008, in case no. 1:08-cr-190-WSD-AJB-8 (the "190 Case"), a federal grand jury indicted Movant Reginald Smith ("Movant") for multiple counts

---

[1] In case no. 1:08-cr-190-WSD-AJB-8, the R&R is docket entry no. 325, and the Section 2255 Motion is docket entry no. 308.  In case no. 1:09-cr-341-WSD-AJB-1, the R&R is docket entry no. 14, and the Section 2255 Motion is docket entry no. 11.

[2] The facts are taken from the R&R and the record.  The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

of bank fraud, conspiracy to commit bank fraud, aggravated identity theft, and mail theft.  In August 2009, in case no. 1:09-cr-341-WSD-AJB-1 (the "341 Case"), the United States Attorney filed a criminal information charging Movant with one count of aggravated identity theft.  The Court ultimately consolidated the proceedings in the 190 and 341 Cases.  The charges against Movant, an employee of the United States Postal Service, arose from a scheme in which he and several others stole boxes of checks from the mail, created fake identification to correspond to the checks, and cashed the checks at casinos in Louisiana and Mississippi.

On August 14, 2009, Movant pleaded guilty to the conspiracy count in the 190 Case and the aggravated identity theft count in the 341 Case.  On February 22, 2010, the Court sentenced Movant, on both counts, to 98 months in prison and ordered Movant to make restitution in the amount of $286,317.  Before imposing the sentence, the Court calculated Movant's offense level under the U.S. Sentencing Guidelines (the "Guidelines").  Based on a stipulation agreed to by Movant and the Government, the Court found the loss amount to be $450,000 and applied the corresponding "loss" enhancement under the Guidelines.  Without objection, the Court found Movant's criminal history to be "Category I" under the Guidelines.  Over Movant's objection, the Court found that the "sophisticated

means" enhancement, under § 2B1.1(b)(9)(C) of the Guidelines, applied because Movant's and the co-defendants' decision to cash the checks at out-of-state casinos, to compartmentalize the roles of the conspirators, and to recruit a co-conspirator with access to the personal information of the victims showed "sophistication" under the Guidelines.

Movant appealed his sentence to the U.S. Court of Appeals for the Eleventh Circuit. On appeal, he challenged only the Court's application of the "sophisticated means" enhancement. On March 16, 2011, the Eleventh Circuit affirmed Movant's conviction and sentence.

On March 13, 2012, Movant filed his Section 2255 Motion in which he seeks to have his sentence vacated on the following grounds: (i) he was afforded ineffective assistance of counsel because his appellate counsel failed to adequately challenge the "sophisticated means" enhancement, the "loss" enhancement, the Court's consideration of a certain prior conviction in determining the criminal history category, and the Court's consideration of evidence not found proved by the jury, in violation of United States v. Booker, 543 U.S. 220 (2005); (ii) actual innocence on the aggravated identity theft count because there is no evidence that Movant personally knew the victims; (iii) the restitution amount is unlawful; and (iv) the Court improperly considered a certain prior conviction in determining the

criminal history category.

On November 20, 2012, Magistrate Judge Baverman issued his R&R on the Section 2255 Motion. Judge Baverman first considered Movant's ineffective assistance of counsel arguments under the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984): (i) whether counsel's actions or omissions "were outside the wide range of professionally competent assistance" in light of the "heavy" presumption "in favor of competence"; and (ii) whether there is a "reasonable probability" that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." Judge Baverman found that Movant's appellate counsel raised a challenge to the "sophisticated means" enhancement and that, on the Section 2255 Motion, Movant failed to show, or attempt to show, that a different argument by counsel would have prevailed. Judge Baverman found that a challenge to the "loss" enhancement would not have prevailed because the loss amount used by the Court at sentencing was *stipulated to* by Movant. Judge Baverman found that counsel's failure to challenge the Court's consideration of a certain prior conviction was not prejudicial because, even after considering the conviction, the Court set Movant's criminal history at Category I, the lowest level. Finally, Judge Baverman found that a challenge under Booker would not have prevailed because Booker governs only the

imposition of mandatory guideline sentences, and the Court considered the Guideline recommendations as only advisory. Accordingly, Judge Baverman concluded that Movant did not suffer ineffective assistance of counsel.

Judge Baverman next considered Movant's argument that he is actually innocent of aggravated identity theft.[3] Citing Flores-Figueroa v. United States, 556 U.S. 646 (2009), Movant argues that the aggravated identity theft statute, 18 U.S.C. § 1028A, requires that the Government prove that a defendant personally knew the victim of the identity theft. Judge Baverman found that Flores-Figueroa requires proof that the defendant knew that the victim was a real person, not that the defendant personally knew the victim. Accordingly, Judge Baverman concluded that Movant failed to show actual innocence on the aggravated identity theft charge.

Judge Baverman next considered Movant's argument that the amount of restitution he was ordered to pay was unlawful. Judge Baverman noted that restitution cannot be challenged under 28 U.S.C. § 2255, and he therefore concluded that Movant is not entitled to relief on the restitution imposed.

Judge Baverman finally considered Movant's argument that the Court

---

[3] Judge Baverman noted that, because Movant did not raise his challenge on appeal, only an "actual innocence" argument could be pursued in the Section 2255 Motion.

5

improperly considered a certain prior conviction in assessing Movant's criminal history.  Because Movant did not raise this challenge on appeal, Judge Baverman concluded that the challenge is procedurally defaulted.[4]

Finding all of Movant's arguments to be without merit, Judge Baverman recommends in his R&R that the Section 2255 Motion be denied.  Judge Baverman further recommends that the Court deny Movant a certificate of appealability because it is not debatable that Movant is not entitled to relief under Section 2255.  Movant did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

---

[4] Judge Baverman also noted, as he found with the ineffective assistance argument based on the same claim, that Movant suffered no prejudice as a result of the Court's consideration of the conviction.

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

        1.    *Denial of Section 2255 Motion*

Movant does not object to Judge Baverman's conclusions that Movant's appellate counsel was not ineffective for failing to adequately challenge the "sophisticated means" enhancement, the "loss" enhancement, the Court's consideration of a certain prior conviction in determining the criminal history category, or the Court's consideration of evidence not found proved by the jury.  The Court does not find plain error in these conclusions.  See Strickland, 466 U.S. at 694; see also United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) (holding that Booker does not apply when the district court applies sentencing guidelines in an advisory manner); Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997) (per curiam) (holding that defendant is not prejudiced by his counsel's failure to raise a challenge, and therefore cannot obtain § 2255 relief, if defendant did not have "a reasonable probability of success" on the challenge).  Movant also does not object to Judge Baverman's conclusions that Movant is not entitled to relief based on his "actual innocence," restitution, and prior conviction arguments.  The Court does not find plain error in these conclusions.  See Flores-Figueroa, 556

U.S. at 656 (holding that aggravated identity theft under "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person"); Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (holding that restitution may not be challenged under 28 U.S.C. § 2255); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) ("Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding."). Accordingly, the Court concludes that Movant is not entitled to the relief sought in the Section 2255 Motion.

2.   *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the appellant." See R. Governing § 2255 Cases 11(a). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 4884 (2000). The Court agrees with Judge Baverman that Movant has not demonstrated that a reasonable jurist could debate whether Movant states a valid claim for relief under 28 U.S.C. § 2255. Thus, the

8

certificate of appealability is denied.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [1:08-cr-190, Doc. 325; 1:09-cr-341, Doc. 14] is **ADOPTED**.  Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [1:08-cr-190, Doc. 308; 1:09-cr-341, Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2255 Cases, is **DENIED**.

**SO ORDERED** this 21st day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE